## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff/Respondent,**

**v.**                    **Case No. 06-20118-02-JWL**
                                         **08-2121-JWL**

**Deborah J. Gutierrez,**

      **Defendant/Petitioner.**

## <u>MEMORANDUM & ORDER</u>

In December 2006, Deborah J. Gutierrez pleaded guilty to one count of conspiracy to distribute and to possess with intent to distribute cocaine. In the plea agreement executed by Ms. Gutierrez, she waived her right to appeal or collaterally attack any matter in connection with her prosecution, conviction and sentence, including her right to file a motion pursuant to 28 U.S.C. § 2255, except as limited by *United States v. Cockerham*, 237 F.3d 1179 (10th Cir. 2001). In March 2007, Ms. Gutierrez was sentenced to a 87-month term of imprisonment.

In March 2008, Ms. Gutierrez filed a motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255 (doc. 126). In her motion to vacate, Ms. Gutierrez asserts that she received ineffective assistance of counsel in connection with the negotiation of the plea agreement because her counsel, in encouraging Ms. Gutierrez to plead guilty, assured her that she would receive a sentence within the range of 36 to 42 months but then permitted information that she shared with him (concerning drug quantities related to the conspiracy) to be used against

her at sentencing, resulting in a sentence of 87 months.  She further contends that she received ineffective assistance of counsel in connection with her sentencing hearing because her counsel failed to object when information she provided to law enforcement upon arrest (*i.e.*, the same information she provided to her counsel concerning drug quantities related to the conspiracy) was used against her in calculating an advisory sentencing guidelines range.  She also claims that her conviction was obtained by a violation of the privilege against self-incrimination (referencing again the information she provided to law enforcement upon arrest concerning drug quantities related to the conspiracy).  In response, the government contends that Ms. Gutierrez's ineffective assistance claim concerning her plea does not satisfy the two-prong test enunciated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), and that the claims concerning her conviction and sentencing have been expressly waived by Ms. Gutierrez in her plea agreement–a waiver that the government moves to enforce (doc. 129).

As explained below, the court concludes that Ms. Gutierrez's ineffective assistance claim concerning her plea does not satisfy *Strickland v. Washington*, that enforcement of the waiver does not otherwise result in a miscarriage of justice and that she has waived her claims concerning her conviction and sentencing.  Thus, Ms. Gutierrez's petition is denied in part and dismissed in part and the government's motion to enforce is granted.

The court will hold a defendant and the government to the terms of a lawful plea agreement.  *United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1207 (10th Cir. 2004); *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998).  Thus, a knowing and voluntary waiver of § 2255 rights in a plea agreement is generally enforceable.  *United States v.*

*Cockerham*, 237 F.3d 1179, 1181 (10th Cir. 2001).  The Tenth Circuit has adopted a three-pronged analysis for evaluating the enforceability of such a waiver in which the court must determine: (1) whether the disputed issue falls within the scope of the waiver, (2) whether the defendant knowingly and voluntarily waived her rights, and (3) whether enforcing the waiver would result in a miscarriage of justice.  *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam).

*Scope of the Waiver*

In determining whether the disputed issue falls within the scope of the waiver, the court begins with the plain language of the plea agreement.  *United States v. Anderson*, 374 F.3d 955, 957 (10th Cir. 2004); *Hahn*, 359 F.3d at 1328.  The provision in the plea agreement by which Ms. Gutierrez waived her right to challenge her sentence through collateral attack states as follows:

> Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed.  By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court.  The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his [*sic*] sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion brought under Fed. Rule of Civ. Pro. 60(b).  In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court.

3

The plea agreement is construed "according to contract principles and what the defendant reasonably understood when [s]he entered [her] plea." *Arevalo-Jimenez*, 372 F.3d at 1206 (internal quotation and citations omitted).  The court strictly construes the waiver and resolves any ambiguities against the government and in favor of the defendant. *Hahn*, 359 F.3d at 1343.

Bearing these principles in mind, Ms. Gutierrez clearly waived the right to raise her claim concerning ineffective assistance of counsel at the sentencing hearing and her claim concerning her conviction.  However, her remaining ineffective assistance claim concerning the negotiation of the plea arguably falls within *United States v. Cockerham* and the court discusses that claim more fully below.

*Knowing and Voluntary*

Ms. Gutierrez does not dispute that her waiver was knowing and voluntary except to the extent she asserts that her counsel was ineffective in connection with the plea–an argument that the court addresses below in connection with the miscarriage-of-justice prong of the *Hahn* analysis.   Putting that argument aside, the record reflects that Ms. Gutierrez's waiver was knowing and voluntary.

In assessing the voluntariness of a defendant's waiver, the court looks primarily to two factors–whether the language of the plea agreement states that the defendant entered the plea agreement knowingly and voluntarily and whether there was an adequate Rule 11 colloquy. *See United States v. Smith*, 500 F.3d 1206, 1210-11 (10th Cir. 2007).  Both conditions are satisfied here.  Paragraph 13 of Ms. Gutierrez's plea agreement expressly states that she "knowingly and

4

voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence." *See United States v. Leon*, 476 F.3d 829, 834 (10th Cir. 2007) (defendant did not meet burden of showing that waiver was unknowing and involuntary in part because plea agreement contained broad waiver that defendant "knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence").

In addition, the court, during its Rule 11 colloquy with Ms. Gutierrez, specifically discussed with her the fact that she had waived her right to challenge her sentence through a § 2255 motion. Ms. Gutierrez assured the court that she understood that she had waived that right and that she was willing to do so. *See id.* (defendant did not meet burden of showing that waiver was unknowing and involuntary in part because defendant testified at the plea colloquy that he was competently, knowingly, freely and voluntarily entering his plea and waiving his constitutional rights, including his right to appeal) (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court [affirming a plea agreement] carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.")).


*Miscarriage of Justice*

Enforcing a waiver results in a miscarriage of justice only if (1) the district court relied on an impermissible factor such as race, (2) the defendant received ineffective assistance of

counsel in conjunction with the negotiation of the waiver, (3) the sentence exceeds the statutory maximum, or (4) the waiver is otherwise unlawful in the sense that it suffers from error that seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Hahn*, 359 F.3d at 1327.  Ms. Gutierrez asserts that she received ineffective assistance of counsel in conjunction with the negotiation of her plea–a situation expressly excluded from the waiver executed by her.  *See United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001) (defendant cannot waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver).  The court, however, rejects the merits of this argument.

According to Ms. Gutierrez, she received ineffective assistance of counsel in connection with the negotiation of the plea.  Specifically, she asserts that her counsel, in encouraging Ms. Gutierrez to plead guilty, assured her that she would receive a sentence within the range of 36 to 42 months but then permitted information that she shared with him (concerning drug quantities related to the conspiracy) to be used against her at sentencing, resulting in a sentence of 87 months.[1]  The constitutional right to effective assistance of counsel is defined in *Strickland v. Washington*, 466 U.S. 668 (1984).  To obtain habeas relief, a petitioner must establish both that her attorney's representation was deficient, measured against an objective standard of reasonableness, and that there is a reasonable probability that but for counsel's deficient

---

[1]The court does not read Ms. Gutierrez's claim as suggesting that her counsel violated the attorney-client privilege by disclosing confidential information to the government. Indeed, her papers reflect that she shared the same information with law enforcement upon her arrest.

performance, the result of the proceeding would have been different, thereby constituting prejudice to the petitioner. *See id.* at 687, 688, 694.

Ms. Gutierrez cannot establish that her counsel's performance in negotiating the plea was constitutionally deficient. During the court's Rule 11 colloquy with Ms. Gutierrez, the court specifically advised Ms. Gutierrez that the court would not be able to determine her sentence until after the presentence investigation process and that her counsel was "unable to make any promises or guarantees" to her about the length of her sentence. Ms. Gutierrez confirmed to the court that she understood. She further confirmed to the court that her counsel had not made any promises or guarantees to her concerning the length of her sentence. Thus, it is clear that Ms. Gutierrez was aware of the contingencies involved in determining her sentence and nevertheless entered into a guilty plea. Moreover, Ms. Gutierrez's plea petition, which she signed, stated that, to the extent her counsel promised or suggested that she would receive a lighter sentence in exchange for a guilty plea, he had no authority to do so. The plea petition further underscored Ms. Gutierrez's knowledge that her ultimate sentence was "solely a matter within the control of the Judge" and that the court could take into account all relevant criminal conduct in determining an appropriate sentence. Finally, Ms. Gutierrez agreed in her plea agreement that she understood that the sentence to be imposed would be determined "solely by the United States District Judge" and she agreed that she would not be permitted to withdraw her guilty plea if the court imposed a sentence with which she did not agree. For these reasons, the court rejects Ms. Gutierrez's claim that her counsel's performance in negotiating the plea was constitutionally deficient. *See United States v. Silva*, 430 F.3d 1096, 1099 (10th Cir. 2005) (rejecting ineffective

assistance claim based on counsel's advice that defendant was facing a much shorter sentence than he received; defendant acknowledged in his plea agreement and during plea colloquy that he understood sentencing would be discretionary).

For the foregoing reasons, the court denies Ms. Gutierrez's claim that she received ineffective assistance of counsel in connection with the negotiation of her plea. Having concluded that enforcing the waiver contained in Ms. Gutierrez's plea agreement will not result in a miscarriage of justice, the court grants the government's motion to enforce and dismisses Ms. Gutierrez's claims concerning her conviction and sentencing.

**IT IS THEREFORE ORDERED BY THE COURT** that Ms. Gutierrez's motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 (docs. 126, 136) is denied in part and dismissed in part and the government's motion to enforce Ms. Gutierrez's waiver of rights (doc. 129) is granted.

**IT IS SO ORDERED** this 22nd day of January, 2009.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

8